IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24044-Civ COOKE/O'SULLIVAN

OSVALDO SOTO,

    Plaintiff,

v.

BOOKING.COM B.V., AND
BOOKING HOLDINGS INC.,

    Defendants.
_____/

## MOTION TO SUBSTITUTE PLAINTIFF

Pursuant to Fed. R. Civ. P. 25(a)(1), Eduardo Soto, as Personal Representative of Osvaldo Soto's estate, hereby moves to substitute his father, the recently deceased Osvaldo Soto. In support of this motion, Eduardo Soto states:

1. In 1955, Antonio Soto owned several business ventures in Cuba, including the famous oceanfront Copacabana, located at Avenida Primera between 44 and 46 streets, in Havana, Cuba (the "Property").

2. In 1961, the communist Cuban government confiscated the Property from the Soto family.

3. In 1962, Antonio Soto passed away, leaving his rights to the Property to his wife, Maria Teresa.

4. In 1983, Osvaldo Soto inherited his rights to the Property through intestate succession upon his mother, Maria Teresa's death. Osvaldo Soto was the rightful owner of a claim to the Property on March 12, 1996, and when this action was commenced.

5. On October 2, 2020, Osvaldo Soto brought this action under the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021, *et seq.* (the "Act"), for the defendants' unlawful trafficking in the confiscated Property.[1]

6. On January 9, 2021, Osvaldo Soto passed away.

7. On January 15, 2021, the undersigned filed an unopposed motion to stay this case for 90 days (the "stay motion") (D.E. 22) in order to substitute the personal representative of Osvaldo Soto's estate as plaintiff, pursuant to Rule 25. The stay motion was not ruled on.

8. On February 18, 2021, defendants filed a Suggestion on the Record of Plaintiff's Death (D.E. 26).

9. The original pretrial schedule in this case set February 6, 2021, as the date by which parties and claims should be joined and pleadings amended (D.E. 18). Plaintiff's opposition to defendants' motion to dismiss (D.E. 21) Osvaldo Soto's original complaint would have been due on February 24th. The undersigned had no legal authority to do any of this after Osvaldo Soto died until his personal representative was and is appointed.

10. After Osvaldo Soto died, the undersigned were not permitted to act except to protect the deceased client's rights by seeking substitution of his personal representative, because the attorney-client relationship is one of agency and terminated upon Osvaldo Soto's death. *E.g., Brickell v. McCaskill*, 106 So. 470, 472 (Fla. 1925); *Schmidt v. Merrill Lynch Trust*

---

[1] It is well-settled that federal common law makes a federal statutory claim survivable unless the statute cuts it off. *E.g., United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993). Nothing in the Act contradicts this general rule, which means Osvaldo Soto's claim survived his death because the Act was remedial and not penal. *E.g., Id.* at 137; *Ex Parte Schreiber*, 110 U.S. 76, 80 (1884); *United States v. Green*, 457 F. Supp. 3d 1262, 1269 (S.D. Fla. 2020). "A remedial action is one that compensates an individual for specific harm suffered, while a penal action imposes damages upon the defendant for a general wrong to the public." *NEC*, 11 F.3d at 137. This lawsuit under the Act plainly is remedial in nature because it seeks compensation for defendants' unlawful trafficking in the Property.

2

*Co.*, 2008 WL 2694891, at *4 (M.D. Fla. 2008); *Schaeffler v. Deych*, 38 So. 3d 796, 801 (Fla. 4th DCA 2010); *accord Hilsabeck v. Lane Co.*, 168 F.R.D. 313, 315 (D. Kan. 1996); *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000).

11. At a status conference on February 24, 2021, the Court ordered that the undersigned should move to substitute the plaintiff on or before March 15, 2021. The Court did not set new deadlines for joining parties or amending pleadings, or to dispose of defendants' pending motion to dismiss as moot, since it was aimed at a deceased plaintiff.

12. Under Rule 25(a)(1), "[a] motion for substitution may be made by any party or by the decedent's successor or representative."

13. On March 4, 2021, movant Eduardo Soto was appointed Personal Representative of the Estate of his father, Osvaldo Soto. *See* Order Appointing Personal Representative attached as Exhibit A.

14. Osvaldo Soto's estate retained Rivero Mestre LLP as counsel.

15. Eduardo Soto, as Personal Representative of Osvaldo Soto's estate, stands ready to move to file an amended complaint naming him as plaintiff in his representative capacity, immediately after this motion for substitution is granted. Defendants will then be free to renew their motions to dismiss or file new ones tailored to the amended complaint.[2]

---

[2] Defendants may oppose this perfectly ordinary substitution of a personal representative for a deceased plaintiff by pretending it's a motion to dismiss, on (1) the theory that a dead plaintiff's claim under the Act dies with him, and (2) a premature "standing" argument based on a gross misreading of the Act and the *per curiam* opinion in *Gonzalez v. Amazon.com, Inc.,* 2021 WL 510234 (11th Cir. Feb. 11, 2021). The first theory is frivolous, and the second's lack of merit will be made apparent when defendants move to dismiss the amended complaint. *Gonzalez* suggested that (unalleged) equitable tolling there could have saved the claim, which the plaintiff's mother had inherited and assigned to the plaintiff during the Act's 23-year presidential "suspension period," *when nobody could bring claims* under the Act. *Id.* n.1. No such tolling would be needed here, where Osvaldo Soto owned the claim when the Act was passed and was

For all the foregoing good and sufficient reasons, Eduardo Soto, as personal representative of the estate of Osvaldo Soto, respectfully requests that the Court enter an Order substituting him as plaintiff for the deceased Osvaldo Soto, and for the Court to set new deadlines to join parties and claims, and amend pleadings.

Dated this 15th day of March, 2021.

        Respectfully submitted,

        **RIVERO MESTRE LLP**
        2525 Ponce de Leon Blvd., Suite 1000
        Coral Gables, Florida 33134
        Telephone: (305) 445-2500
        E-mail: arivero@riveromestre.com
        E-mail: arolnick@riveromestre.com
        E-mail: amalave@riveromestre.com
        E-mail: jwolfson@riveromestre.com

        By: s/ Andrés Rivero
            ANDRÉS RIVERO
            Florida Bar No. 613819
            ALAN H. ROLNICK
            Florida Bar No. 715085
            ANA MALAVE
            Florida Bar No. 83839
            JOSIAH WOLFSON
            Florida Bar No. 123174

        **MANUEL VAZQUEZ, P.A.**
        2332 Galiano St., Second Floor
        Coral Gables, Florida 33134
        Telephone: (305) 445-2344
        Facsimile: (305) 445-4404
        E-mail: mvaz@mvazlaw.com
        By: /s Manuel Vazquez
            MANUEL VAZQUEZ
            Florida Bar No. 132826

---

lucky enough to outlive 23 years of presidential suspension of his right to bring that claim. Substitution of his personal representative could hardly be more ordinary.

## CERTIFICATE OF SERVICE

I certify that on March 15, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Andrés Rivero
ANDRÉS RIVERO