UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24044-Civ-COOKE/TORRES

EDUARDO SOTO, as Personal
Representative of the Estate of
Osvaldo Soto,

    Plaintiff,

v.

EXPEDIA GROUP, INC.,
BOOKING.COM B.V.,
and BOOKING HOLDINGS, INC.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO STAY

This matter is before the Court on Defendants' motion to stay this case pending the U.S. Court of Appeals for the Eleventh Circuit's resolution of two appeals: *Del Valle v. Expedia Group, Inc.,* (No. 20-12407) ("*Del Valle*") and *Garcia-Bengochea v. Carnival Corp.* (No. 20-12960) ("*Garcia-Bengochea*"). [D.E. 74]. Plaintiff responded in opposition on December 23, 2021 [D.E. 81], to which Defendants replied jointly on December 30, 2021 [D.E. 83]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Defendants' motion to stay is **GRANTED** and Defendants' motion to dismiss [D.E. 70] is **DENIED as moot.**

### I.    BACKGROUND

Plaintiff filed this action on October 2, 2020, against Defendants pursuant to the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021, *et seq.* (the

1

"Helms-Burton Act"). Plaintiff was an heir to the Copacabana Hotel (the "Copacabana") in Cuba, which was owned by his family. [D.E. 1]. The Copacabana was inaugurated in 1955, and, after Fidel Castro seized power and established a communist government in Cuba in 1959, the Copacabana was confiscated by the Cuban government in 1961. *Id.* Plaintiff's family subsequently fled to the United States. *Id.* After seizing the Copacabana, the Cuban government, together with Be Live Hotels S.L., allegedly exploited and benefited from the Copacabana for decades without the consent of the Soto family and without paying them any compensation. Plaintiff alleges that Defendants exploited and benefited from the Copacabana by offering interactive websites through which potential hotel guests may make reservations at the Copacabana, and by sending reminder emails to the websites' users.

On December 3, 2021, Defendants jointly moved to dismiss the amended complaint. [D.E. 70] for lack of standing and, thus, lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). Then, on December 9, 2021, Defendants filed a motion to stay this case pending resolution of *Del Valle* and *Garcia-Bengochea.*

## II. APPLICABLE PRINCIPLES AND LAW

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton,* 520 U.S. at 706; *see also American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits, (2) the extent the moving party would be irreparably harmed, (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *See Guirola–Beeche v. U.S. Dep't of Justice,* 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987). "Stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citations omitted).

### III. ANALYSIS

Defendants request that the Court stay further proceedings in this action pending the Eleventh Circuit's resolution of *Del Valle* and *Garcia-Bengochea*.

Defendants argue that the appeals in those cases may conclusively determine whether this Court has subject matter jurisdiction over Plaintiff's claims. They also argue that a stay would avoid unnecessary expenditures of time and resources, promote the public interest, and not prejudice Plaintiff. Because *Del Valle* and *Garcia-Bengochea* contain issues similar to the ones present here, and because Defendants are also party to *Del Valle*, Defendant's motion to stay pending resolution of those appeals is **GRANTED**.[1]

### A. *The Helms-Burton Act*

In 1996, Congress passed the Helms-Burton Act seeking to strengthen the United States' economic sanctions on Cuba and hasten the end of the Fidel Castro regime. Congress found that Cuba was "offering foreign investors the opportunity to purchase an equity interest in, manage, or enter into joint ventures," oftentimes using property confiscated United States nationals, and that these foreign investors were, in turn, providing Cuba with "badly needed financial benefit, including currency, oil, and productive investment and expertise." 22 U.S.C. § 6081(5), (6). To deter these foreign investors and to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro regime," *id.* § 6022, Title III of the Act creates a private cause of action for any United States national who owns a claim to property confiscated by the Cuban Government, against any

---

[1] Additionally of note, three similar cases against Defendants in this district have been stayed pending the Eleventh Circuit's resolution of *Del Valle* and *Garcia-Bengochea. See* Order, *Echevarria v. Expedia Group, Inc.*, No. 1:19-cv-22620-FAM (Mar. 30, 2021) [D.E. 132]; Order, *Echevarria v. Expedia Group, Inc.*, No. 1:19-cv-22621-FAM (Mar. 30, 2021) [D.E. No. 93]; Order, *Trinidad v. Expedia Group, Inc.*, No. 1:19-cv-22629-FAM (Mar. 30, 2021) [D.E. No. 145].

person who intentionally "traffics"[2] in such property, *id.* § 6082(a)(1)(A) ("Title III"). As a remedy, claimants may seek the greater of the current market value of the property or the value at the time it was confiscated, plus interest. *Id.* § 6082(a)(1)(A).

### B. *Potentially Dispositive Eleventh Circuit Appeals Cases*

Defendants argue that a stay is warranted pending resolution of *Del Valle* and *Garcia-Bengochea* because several dispositive issues raised in those cases are also relevant here, and specifically because Defendants here are also the defendants in *Del Valle*. The Court finds those arguments persuasive.

For example, in *Del Valle*, one of the issues is whether the order on appeal erred in dismissing appellants' complaint for failure to adequately allege that appellees were, "operating, conducting, engaging in, or carrying on a business venture" in Florida under the Florida long-arm statute. Also at issue in *Del Valle* is whether the district court lacked personal jurisdiction over the defendant-appellees, whether the plaintiff-appellants lacked Article III standing, whether the defendant-appellees' trafficking was knowing and intentional, and whether Title III's so-called "incident to lawful travel exception" bars the plaintiff-appellant's claims. Each of

---

[2] Under Title III, a person "traffics" in confiscated property if that person "knowingly and intentionally,"

> (i) sells, transfers, distributes, dispenses, brokers, manages, or otherwise disposes of confiscated property, or purchases, leases, receives, possesses, obtains control of, manages, uses, or otherwise acquires or holds an interest in confiscated property,
> (ii) engages in a commercial activity using or otherwise benefiting from confiscated property, or
> (iii) causes, directs, participates in, or profits from, trafficking (as described in clause (i) or (ii)) by another person, or otherwise engages in trafficking (as described in clause (i) or (ii)) through another person, without the authorization of any United States national who holds a claim to the property.

*Id.* § 6023(13)(A).

5

these issues was also raised in Defendants' motion to dismiss [D.E. 70], and the resolution of these issues in *Del Valle* may materially affect the outcome of this case or dispose of it entirely. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Additionally, because Defendants here are the same defendants in *Del Valle*, a ruling as to whether this Court has personal jurisdiction over them, based in large part on whether they engage in business that is incident to lawful travel, would be dispositive in this action.

*Garcia-Bengochea* presents issues that are also relevant here. For example, the core issue in *Garcia-Bengochea* is whether the plaintiff's suit fails as a matter of law because he did not acquire ownership of his claim to the subject property before March 12, 1996, as is required by the Helms-Burton Act. This same issue was raised in Defendants' motion to dismiss [D.E. 70], because the Plaintiff in this case inherited his claim to the Copacabana after March 12, 1996.

Finally, a stay in this case would not prejudice Plaintiffs because both *Del Valle* and *Garcia-Bengochea* have already been argued in front of the Eleventh Circuit Court of Appeals, so a decision can be expected within a reasonable period of time. *See Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (granting a motion to stay in part because a stay would not prejudice the plaintiff as the resolution of the pending action for which the defendant was seeking a stay was expected within the year).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Stay **[D.E. 74]** is **GRANTED** as follows:

1. The case is **STAYED** pending the Eleventh Circuit Court of Appeals' resolution of *Del Valle, et al. v Expedia Group, Inc., et al.* (No. 20-12407) and *Garcia-Bengochea v. Carnival Corp.* (No. 20-12960). The Clerk of the Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

2. All pending motions are **DENIED** as moot.

3. The parties shall file joint status reports **every 45 days** beginning **August 30, 2022**, advising of the status of *Del Valle, et al. v Expedia Group, Inc., et al.* (No. 20-12407) and *Garcia-Bengochea v. Carnival Corp.* (No. 20-12960).

4. The Court retains jurisdiction and the case shall be restored to the active docket upon Court order following motion of a party.

5. The referral to Chief Magistrate Judge Torres [D.E. 90] of the Motion to Dismiss [D.E. 70] and Defendants' Motion to Stay [D.E. 74] is hereby **WITHDRAWN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

cc: counsel of record