**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-24044-CIV- MIDDLEBROOKS/REID

EDUARDO SOTO, as Personal Representative
of the Estate of Osvaldo Soto,

       Plaintiff,

v.

EXPEDIA GROUP, INC.

       Defendant.

_____

**JOINT REPORT AND PROPOSED PRE-TRIAL LITIGATION SCHEDULE**

    Eduardo Soto, as personal representative of the Estate of Osvaldo Soto ("Plaintiff"), and defendant Expedia Group, Inc., ("Expedia Group" and, together with Plaintiff, the "Parties") file this Joint Report and Proposed Pre-Trial Schedule and in support, state as follows:

    1.      On January 4, 2024, the Court lifted the stay in this case which had been stayed since July 29, 2022. *See* ECF No. 122.

    2.      On the same date, the Court entered its Order Requiring Proposed Litigation Schedule (the "Order"). ECF No. 123. The Order required the Parties to "confer and jointly file a proposed litigation schedule, including a requested trial date" and to provide "specific justification" for any requested trial date "more than six months out" in a joint report. *Id.*

    3.      The Parties recommend the Complex Track for this matter because the claims in this case are brought pursuant to the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, 22 U.S.C. § 6021, *et seq.* (the "Act"), which is novel (no claims were brought under the Act prior to May 2, 2019) and raises issues of first impression for the Court.

    4.      Further, the claims in this matter focus on events that occurred in Cuba over half a

century ago and require inquiries into such fact-intensive issues as the existence and extent of Plaintiff's property rights, including Plaintiff's alleged inheritance of a claim to such property, and Expedia Group's knowledge (or lack thereof) and state of mind when offering reservations at the hotel at issue in this case. As a result, this case presents numerous issues that make discovery complicated and time intensive.

5.      For example, because this case concerns the offering of hotel reservations in Cuba, many documents are in Spanish, presenting unique challenges for document collection and review. This case also turns on questions related to Cuban property records and inheritance, therefore some documents might be located outside the U.S. Discovery sought in Cuba in connection with ownership and trafficking of the subject property will be challenging because of (a) restrictions on transactions with persons, entities, or government officials in Cuba; (b) the difficulty in obtaining discovery out of Cuba, which is not a party to treaties and conventions that facilitate foreign discovery; and (c) the over 60 years that have transpired since the underlying events occurred.

6.      Discovery from Expedia Group, and its offering of hotel reservations in Cuba in relation to the Act, as experienced in related cases, will consist of voluminous corporate records with tens of thousands of pages.

7.      The above issues present unique challenges for document collection and review.

8.      The Parties anticipate third-party discovery that must be completed, including related to Plaintiff's claim of ownership, as well as expert reports and discovery.

9.      In addition, counsel for the Parties are currently scheduled for trial in two other Helms-Burton matters during the month of July 2024.

10.      Additionally, Expedia Group has a current deadline of January 12, 2024 to

respond to the amended complaint (*see* ECF No. 122). The Court's order on the anticipated motion to dismiss—assuming that it does not entirely resolve the dispute—will also significantly shape the scope of discovery.

11.     For these reasons, the Parties propose placing this matter on the complex track for resolution. An expedited track schedule would not provide sufficient time for the Parties to meaningfully complete discovery and prepare for trial. As set forth above, the Parties have shown good cause for such a schedule. *See Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 11444948, at *2 (S.D. Fla. Aug. 29, 2018) (finding good cause to extend the scheduling order where the parties were diligent, but additional time was needed for production and depositions); *Fed. Trade Comm'n v. IAB Mktg. Assocs.*, No. 12-61830-CIV, 2013 WL 12032591, at *3 (S.D. Fla. June 4, 2013) (extending fact discovery deadline to provide "more time to review the produced documents in advance of the depositions").

12.     Although the Parties agree that an expedited track schedule would not provide sufficient time for the Parties to meaningfully complete discovery and prepare for trial, they disagree regarding how much time is necessary to complete discovery and prepare for trial.

13.     It is Plaintiff's position, as described in paragraphs 3-8 above, that this case presents unique discovery challenges, and that the schedule proposed by Expedia Group does not allow the parties sufficient time to complete discovery collection and review, and to resolve any potential discovery disputes.

14.     Expedia Group would like to complete discovery as expeditiously as possible while giving the Parties adequate time to meaningfully complete discovery and prepare for trial. In addition, Expedia Group's lead counsel has a trial setting in the Eastern District of Pennsylvania in November 2024—making Plaintiff's proposed trial date unworkable—and in

another Helms-Burton case in the District of Delaware in February 2025. Given those trial settings, and the Court's desire to swiftly resolve this matter, Expedia Group proposes a trial date of October 21, 2024.

15.     Thus, the Parties respectfully submit their proposed pre-trial schedules, attached here as **Exhibit A**, for the Court's consideration.

16.     For these reasons, the Parties respectfully request that the Court adopt the Parties' proposed scheduling order.

Dated: January 12, 2024

Respectfully submitted,

By:  */s/ Andrés Rivero*

Andrés Rivero
(Florida Bar No. 613819)
Alan H. Rolnick
(Florida Bar No. 715085)
Ana Malave
(Florida Bar No. 83839)
Sylmarie Trujillo
(Florida Bar No. 112768)
Brandon Cruz
(Florida Bar No. 1040423)
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile:  (305) 445-2505
arivero@riveromestre.com
arolnick@riveromestre.com
amalave@riveromestre.com
strujillo@riveromestre.com
bcruz@riveromestre.com

*Attorneys for Plaintiff*

By:  */s/ Manuel Vazquez*

Manuel Vazquez
**MANUEL VAZQUEZ, P.A.**
2332 Galiano St., Second Floor
Coral Gables, Florida 33134
Telephone: (305) 445-2344
Facsimile:  (305) 445-4404
mvaz@mvazlaw.com

*Attorney for Plaintiff*

By:  */s/ Cheryl J. LaFond*

David Shank (*pro hac vice*)
dshank@scottdoug.com
Cheryl Joseph LaFond (*pro hac vice*)

clafond@scottdoug.com
Jane Webre (*pro hac vice*)
jwebre@scottdoug.com
Mary Byars *(pro hac vice*)
mbyars@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: */s/ Lorayne Perez*_____
Lorayne Perez
Florida Bar No. 085265
lorayne.perez@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
(305) 374-5600 Telephone
(305) 349-4656 Facsimile

*Attorneys for Expedia Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on January 12, 2024.

By: */s/ Lorayne Perez*