**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-24044-MIDDLEBROOKS/REID

EDUARDO SOTO, as personal representative of the estate of OSVALDO SOTO,

Plaintiff,

v.

EXPEDIA GROUP, INC.,

Defendant.

______________________________

**JOINT DISCOVERY PLAN AND CONFERENCE REPORT**

In accordance with Fed. R. Civ. P. 26(f), S.D. Fla. L. R. 16.1(b)(2) and the Court's January 22, 2024 Pretrial Scheduling Order (ECF No. 126), Plaintiff Eduardo Soto, as Personal Representative of the Estate of Osvaldo Soto, and Defendant Expedia, Group Inc., conferred telephonically on January 31, 2024, and thereafter by email, and file this Joint Discovery Plan and Conference Report (the "Report").

**1. CONFERENCE OF THE PARTIES**

In accordance with Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b)(2), the parties stipulate that they held a telephonic scheduling conference on January 31, 2024, and continued to confer by email until the filing of this Report.

**2. CONFERENCE REPORT**

**A. Estimated valuation of the case:**

Due to the nature of the case, and the fact that the parties are early in the discovery period, it is difficult to place a value on the case at this time. The parties will continue to assess the estimated valuation of the case through the discovery process.

**B. Date for exchanging initial disclosures pursuant to Rule 26(a)(l):**

The parties propose that initial disclosures be exchanged by February 14, 2024.

**C. Subjects on which discovery may be needed:**

The parties intend to seek discovery as to the basis for their respective claims and defenses, as well as the proper measure of damages. Some of those topics include:

- Defendant's revenue from booking rooms at the subject property and from advertising the property, if any;
- Whether Defendant complied with its general license related to the offering of hotel reservations at the subject property;
- Plaintiff's alleged claim of ownership of the subject property, including when and how Plaintiff purportedly acquired that claim and when and how others in the line of succession purportedly acquired their claims;
- Whether the alleged trafficking was "incident to lawful travel";
- The value of the subject property; and
- The alleged confiscation of the subject property.

**D. Whether the Parties can agree to limit discovery on particular issues through Stipulation**

The parties are open to stipulations and will discuss as matters arise throughout the discovery process.

**E. What document discovery is needed**

The document discovery needed relates to the topics identified in section C, above.

**F. Whether discovery should be conducted in phases**:

The parties do not believe that discovery should be conducted in phases.

**G.     Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:**

The parties expect to have discovery of electronically stored information. The parties will work cooperatively to resolve as many issues regarding the disclosure, discovery, and preservation of ESI as possible without the Court's assistance, including the preparation of an ESI protocol governing such issues.

**(a) the main information and documents sought;**

The information and documents sought relate to the topics identified in section C, above.

**(b) the expected costs of e-discovery;**

The parties anticipate that each party will incur e-discovery costs of approximately $3,000, but these costs are highly dependent on the volume of ESI produced in this matter. Most of the ESI produced in this matter will be produced by Defendant. The parties expect to incur additional costs for document collection and review.

**(c) whether alternatives to e-discovery are possible;**

The parties anticipate that e-discovery is needed because the document discovery expected from Defendant contains ESI.

**G.     What individuals each side intends to depose;**

While a complete list of individuals to depose will be developed once the parties have exchanged their initial disclosures and conducted written discovery, each party anticipates deposing those witnesses identified in the opposing party's Rule 26(a)(l) initial disclosures, interrogatory responses, and expert disclosures. Defendant also expects to depose individuals that Plaintiff previously identified as owning a claim to the subject property: Alejandro Soto, Orlando Soto, Graziella Soto, Osvaldo N. Soto, Eduardo Soto, Hon. Bertila Soto, Osvaldo Soto, Rigoberto Soto, Jorge Arturo Soto, Antonio J. Soto IV, Rosario M. Soto, Ashley J. Soto, Maria

Teresa Corripio Leiva, Miguel Abril, Gloria Corripio Soto Fonts, Margarita Abril, and Maria Elena Abril Del Valle.

**H. Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert these claims after production-whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The parties do not yet anticipate any issues regarding claims of privilege or protection of materials as trial-preparation materials. The parties will endeavor to bring to the Court's attention at the earliest indication that such rulings are necessary. That being said, the parties expect to work cooperatively to agree on a procedure to assert claims of privilege and to include that agreement in an order under Federal Rule of Evidence 502.

**I. What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules**

The parties do not anticipate the need for any changes to the limitations imposed by the Federal Rules of Civil Procedure or the Local Rules.

**J. Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

It is Plaintiff's position that early mediation would be helpful. Defendant is assessing whether early mediation would be helpful.

Dated: February 2, 2024

Respectfully submitted,

| RIVERO MESTRE LLP<br>2525 Ponce de Leon Blvd., Suite 1000<br>Coral Gables, Florida 33134<br>Telephone: (305) 445-2500<br>Facsimile: (305) 445-2505<br>E-mail: arivero@riveromestre.com<br>E-mail: jmestre@riveromestre.com | SCOTT DOUGLASS & MCCONNICO LLP<br>303 Colorado Street, Suite 2400<br>Austin, Texas 78701<br>(512) 495-6300 Telephone<br>(512) 495-6399 Facsimile<br><br>By: David D. Shank |
|---|---|

| E-mail: arolnick@riveromestre.com<br>E-mail: amalave@riveromestre.com<br><br>By: Andrés Rivero<br>ANDRÉS RIVERO<br>Florida Bar No. 613819<br>ALAN ROLNICK<br>Florida Bar No. 715085<br>ANA C. MALAVE<br>Florida Bar No. 83839<br><br>MANUEL VAZQUEZ, P.A.<br>2332 Galiano St., Second Floor<br>Coral Gables, Florida 33134<br>Facsimile: (305) 445-4404<br>E-mail: mvaz@mvazlaw.com<br><br>By: Manuel Vazquez<br>MANUEL VAZQUEZ<br>Florida Bar No. 132826<br>*Attorneys for Plaintiffs* | Texas Bar No. 24075056<br>dshank@scottdoug.com<br><br>AKERMAN LLP<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, FL 33131<br>(305) 374-5600 Telephone<br>(305) 349-4656 Facsimile<br><br>Lorayne Perez<br>Florida Bar No. 085265<br>lorayne.perez@akerman.com<br><br>*Attorneys for defendant Expedia Group, Inc.,* |
|---|---|