**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-24044-CIV- MIDDLEBROOKS/REID**

EDUARDO SOTO, as Personal
Representative of the Estate of
Osvaldo Soto,

      Plaintiff,

vs.

EXPEDIA GROUP, INC.,
BOOKING.COM B.V.,
and BOOKING HOLDINGS INC.,

      Defendants.
_____

**DEFENDANT EXPEDIA GROUP, INC.'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO STRIKE EXPEDIA GROUP, INC.'S**
**<u>AFFIRMATIVE DEFENSES</u>**

      Defendant Expedia Group, Inc. ("Expedia Group") files this Response in Opposition to Plaintiff Eduardo Soto's, as Personal Representative of the Estate of Osvaldo Soto ("Plaintiff"), Motion to Strike Expedia Group's Affirmative Defenses ("Motion to Strike") (ECF No. 150), and states as follows:

**INTRODUCTION**

      Plaintiff's request for the Court to strike 12 of Expedia Group's 15 defenses is based on three arguments. First, Plaintiff asserts that Expedia Group fails to plead sufficient facts related to some of its defenses. However, Plaintiff applies the wrong legal standard. When the correct legal standard is applied, it is clear that these defenses contain a sufficient level of detail. Second, Plaintiff argues that some of Expedia Group's defenses are "superfluous denials" and should be stricken or treated as denials. As described below, Expedia Group does not oppose these defenses being treated as denials, but maintains that they are not "superfluous" and that striking them is unwarranted. Finally, Plaintiff urges the Court to strike certain defenses because, according to Plaintiff, they "have no possible bearing upon the subject matter of the litigation and fail as a matter of law." Expedia Group disagrees. Motions to strike are not meant to provide an opportunity for the determination of disputed and substantial questions of law. This is especially true here, in light of the developing

jurisprudence surrounding the newly-active Helms-Burton Act. For these reasons, Expedia Group requests that the Court deny Plaintiff's Motion to Strike.

## LEGAL STANDARDS

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While courts "have broad discretion when considering a motion to strike . . . striking defenses from a pleading remains a drastic remedy to be resorted to only when required for the purposes of justice and only when the stricken material has no possible relation to the controversy." *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-22911-CIV, 2022 WL 17082909, at *3 (S.D. Fla. Nov. 18, 2022) (citation and internal quotation marks omitted). "Motions to strike pleadings are generally disfavored by courts[.]" *Liberty Surplus Ins. Corp. v. Kaufman Lynn Constr., Inc.*, No. 22-80203, 2023 WL 2401788, at *1 (S.D. Fla. Jan. 5, 2023) (Middlebrooks, J.) (cleaned up).

## ARGUMENT

### A. Defenses 2, 6, 9, 10, 11, 13, and 15 provide Plaintiff with sufficient notice of the issues Expedia Group will litigate, which is all Rule 8 requires.

Plaintiff argues that the Court should strike Expedia Group's second, sixth, ninth, tenth, eleventh, thirteenth, and fifteenth defenses because they do not meet the plausibility standard for pleading affirmative claims under *Twombly* and *Iqbal*. (Pl.'s Mot. Strike, ECF No. 150, at 1 n.1, 4–6.) Although "there is presently a split in this District about whether the higher pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses," *Burleigh House Condo.*, 2022 WL 17082909, at *3, "a growing majority" of courts, including this Court, have "found that Rule 8(b) and 8(c)'s pleading standards should apply to affirmative defenses instead of the Rule 8(a) *Twombly/Iqbal* standard," *KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468-RAR, 2023 WL 5529176, at *2 n.2 (S.D. Fla. Aug. 27, 2023); *accord Decarlo v. McKinnon*, No. 13-14324-CIV, 2013 WL 12077796, at *2 (S.D. Fla. Nov. 19, 2013) (agreeing with the "growing majority of district courts [that] . . . have held that the *Twombly/Iqbal* plausibility pleading standard does not apply to affirmative defenses") (citation and internal quotation marks omitted); *see also* 5 Wright & Miller, Federal Practice and Procedure § 1274 (stating that "the majority of courts have rightly held that Rule 8(c) does not warrant the extension of the *Twombly* and *Iqbal* standard to affirmative defenses").

The majority view makes good sense because the plausibility standard recognized in *Twombly* and *Iqbal* emanates from Rule 8(a)'s command that a pleading stating "a *claim for relief*" must "show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added); *see RooR v. Wellington Elite Trading, Inc.*, No. 16-61895-CIV, 2017 WL 5953291, at *2 (S.D. Fla. May 31, 2017). Defenses, however, are not claims for relief and are instead governed by subsections (b) and (c) of Rule 8,

which require only that the defendant "**state** in short and plain terms its defenses" and "affirmatively **state** any avoidance or affirmative defense." Fed. R. Civ. P. 8(b), (c) (emphasis added); *see RooR*, 2017 WL 5953291, at *2; *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses."). "Moreover, 'when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair.'" *RooR*, 2017 WL 5953291, at *2 (quoting *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013)).

Notably, this Court has followed the majority approach and held that *Twombly* and *Iqbal* do not apply to affirmative defenses. As the Court recently explained:

> The Eleventh Circuit has not addressed whether a heightened pleading standard applies to affirmative defenses. I note that in a previous Order in *Susan Passion, LLC v. Windrose Charters, LLC*, I stated that "affirmative defenses must comply with the pleading requirements of Fed. R. Civ. P. 8(a), which requires a 'short and plain statement' ...." 18-81291-CV, 2019 WL 13235765 at *2 (S.D. Fla. Aug. 9, 2019). To the extent that sentence implied that *Twombly* and *Iqbal* apply to affirmative defenses, **I clarify now that it does not**. Instead, I agree with several of my colleagues on this Court that the text of Fed. R. Civ. P. 8(b) does not command the same heightened pleading standard of Rule 8(a). *See, e.g.*, *Northrop and Johnson Holding Co., Inc.* 2017 WL 5632041 at *3.

*Liberty Surplus Ins. Corp.*, 2023 WL 2401788, at *1 n.3 (emphasis added).

Under the majority approach compelled by the text of Rule 8 and adopted by this Court, an affirmative defense is adequately pleaded if it gives notice of the issues the defendant intends to litigate. *See, e.g.*, *RooR*, 2017 WL 5953291, at *2; 5 Wright & Miller, Federal Practice and Procedure § 1274 (explaining that the majority of courts "have held there is no requirement in Rule 8(c) to 'show' any facts at all") (citation and internal quotation marks omitted). Expedia Group's defenses easily satisfy that standard. *Melaih v. MSC Cruises, S.A.*, is instructive. No. 20-CV-61341, 2021 WL 3727837 (S.D. Fla. July 27, 2021), *report and recommendation adopted*, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021). There, the court denied the plaintiff's motion to strike an affirmative defense asserting "that Plaintiff's damages were caused by Plaintiff's pre-existing injuries and not by any act or omission of Defendant." *Id.* at *6. The plaintiff argued that this affirmative defense did not provide her with sufficient notice, but the court disagreed, explaining: "Given the more relaxed pleading standard for affirmative defenses, the undersigned finds that the Sixth Affirmative Defense puts Plaintiff on notice that Defendant will raise a question of causation[.]" *Id.* (internal citation omitted). Thus, the court held the affirmative defense should not be stricken.

The same result is warranted here. Expedia Group's pleading plainly sets forth each of its defenses, many of which the parties have already extensively briefed on motions to dismiss. Plaintiff

knows what defenses Expedia Group intends to assert and the bases for them. And to the extent he desires more detail, the proper procedure is to obtain that information through discovery, not seek to eliminate the defenses at the pleadings stage.[1]

In the alternative, in the event the Court determines that Expedia Group did not sufficiently plead these defenses, Expedia Group requests leave to amend its Answer to add additional facts. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (cleaned up). Leave is warranted here, as Plaintiff has already amended his complaint once, while this would be Expedia Group's first amendment to its Answer. (*See* Pl.'s Compl., ECF No. 1; Pl.'s. Am. Compl., ECF No. 49.)

In light of these circumstances, to the extent the Court concludes Expedia Group has not sufficiently pleaded its second, sixth, ninth, tenth, eleventh, thirteenth, and/or fifteenth defenses, justice requires that the Court grant Expedia Group leave to amend its Answer to include additional detail. *See, e.g.*, *Westfield Ins. Co. v. Northland Ins. Co.*, No. 08-80748-CIV, 2008 WL 4753994, at *2 (S.D. Fla. Oct. 28, 2008) (granting leave for defendant to amend "for the purpose of stating legally supportable affirmative defenses"); *Rodriguez v. Whitestone Grp., Inc.*, No. 12-CV-23974-UU, 2013 WL 12064492, at *2 (S.D. Fla. Jan. 29, 2013) (granting defendant "leave to amend to allege facts in support of these affirmative defenses").

---

[1] Judge Moreno recently considered substantively identical motions to strike the same defenses in *Echevarria v. Expedia Group, Inc. et al.*, No. 1:19-cv-22620-FAM (S.D. Fl.) ("*Echevarria I*"); *Echevarria v. Expedia Group, Inc., et al.*, No. 1:19-cv-22621-FAM (S.D. Fl.) ("*Echevarria II*"); and *Trinidad v. Expedia Group, Inc. et al.*, No. 19-22629-FAM (S.D. Fl.) ("*Trinidad*"). In those cases, Judge Moreno denied the plaintiffs' motions to strike the defendants' second, ninth, tenth, eleventh, thirteenth, and fifteenth defenses due to lack of specificity. (*See* Ord. 2, *Echevarria I*, ECF No. 175; Ord. 2, *Echevarria II*, ECF No. 151; Ord. 2, *Trinidad*, ECF No. 197.) The same result is warranted here. Judge Moreno did strike defense six, which is "failure to state a claim upon which relief can be granted." Expedia Group respectfully submits that Judge Moreno should have either denied plaintiffs' motion to strike that defense, or treated it as a denial. *See, e.g.*, *In re Bal Harbour Quarzo, LLC*, 640 B.R. 597, 603 (Bankr. S.D. Fla. 2022) ("Failure to state a claim is therefore an entirely appropriate affirmative defense to raise in an answer, so the Court will deny the motion to strike this affirmative defense as well."); *compare Unisource Discovery, Inc. v. Unisource Discovery, LLC*, No. 20-23276-CIV, 2022 WL 18023397, at *3 (S.D. Fla. Aug. 16, 2022) (denying motion to strike failure to state a claim defense and treating it as a specific denial).

**B. Treating defenses 1, 6, and 14 as denials is not a ground for striking them.**

Next, Plaintiff urges the Court to either strike or treat as denials Expedia Group's first, sixth, and fourteenth defenses. (Pl.'s Mot. Strike, ECF No. 150, at 6–7.) Although these defenses may very well be properly treated as denials rather than affirmative defenses, that is not a basis for striking them. *See, e.g., TRG Oasis (Tower One), Ltd. v. Crum & Forster Specialty Ins. Co.*, No. 22-21346-CIV, 2022 WL 4631917, at *2 (S.D. Fla. Sept. 14, 2022) (stating that when a defense should be considered a denial, "the proper remedy is not [to] *strike* the claim, but rather to treat [it] as a specific *denial*" (quoting *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)) (emphasis in original)), *report and recommendation adopted*, 2022 WL 4599056 (S.D. Fla. Sept. 30, 2022); *Liberty Surplus Ins. Corp.*, 2023 WL 2401788, at *2 ("In disposing of Kaufman's Motion to Strike, I will deem negative defenses as specific denials."); *Koskinen v. Gonzalez*, No. 17-81096-CV, 2019 WL 7837167, at *2 (S.D. Fla. June 28, 2019) (Middlebrooks, J.) ("If the plaintiff has been given 'plain notice' of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology." (quoting 5 Wright & Miller, Federal Practice and Procedure § 1269) (internal quotation marks omitted))); *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (explaining that "when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial"). Therefore, to the extent these matters should be considered denials, the Court may treat them as such but should not strike them.[2]

**C. Defenses 4, 7, 8, 10, and 11 are relevant to this litigation.**

Finally, Plaintiff argues that the Court should strike Expedia Group's fourth, seventh, eighth, tenth, and eleventh defenses because they have "no possible bearing upon the subject matter of this litigation and fail as a matter of law." (Pl.'s Mot. Strike, ECF No. 150, at 7–9.) In order to justify the striking of an affirmative defense as irrelevant, the moving party must show "that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008) (citation and internal quotation marks omitted), *aff'd*, 306 F. App'x 471 (11th Cir. 2009). This Plaintiff cannot do.

---

[2] In *Trinidad*, *Echevarria I*, and *Echevarria II*, Judge Moreno decided to treat as a denial the defendants' first defense, and denied the plaintiffs' requests to strike or treat as a denial the defendants' fourteenth defense. (*See* Ord. 2, *Echevarria I*, ECF No. 175; Ord. 2, *Echevarria II*, ECF No. 151; Ord. 2, *Trinidad*, ECF No. 197.)

In support of his position that these defenses have "no bearing" on this litigation, Plaintiff relies primarily on *Havana Docks Corp. v. Carnival Corp.*, where Judge Bloom found that the plaintiff in that Helms-Burton case was entitled to summary judgment on many of the affirmative defenses raised by the defendants, including some of the same defenses raised by Expedia Group here. *See* 592 F. Supp. 3d 1088, 1170–1202 (S.D. Fla. 2022). Plaintiff's reliance on *Havana Docks* is misplaced. There, Judge Bloom was considering the affirmative defenses at the motion for summary judgment stage. That is a far cry from this case, where Expedia Group only recently filed its Answer. Plaintiff's request that the Court strike these defenses is premature.

When a plaintiff's "main challenge is to the legal sufficiency" of an affirmative defense, as Plaintiff's challenge is here, it is "best determined on the merits in the context" of a summary judgment motion. *See Harvey*, 568 F. Supp. 2d at 1360; *see also id.* ("[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." (citation omitted and alteration in original)); *PNC Bank, N.A. v. Haghighi Fam. & Sports Med., P.A.*, No. 3:16-CV-1226-J-32MCR, 2017 WL 7311870, at *2 (M.D. Fla. June 2, 2017) ("Motions to strike affirmative defenses cannot be used to decide disputed and substantial questions of law, especially where there is a lack of showing of prejudicial harm to the moving party."); *Liberty Surplus Ins. Corp.*, 2023 WL 2401788, at *1 (explaining that "disputed questions of fact or law generally should not be decided upon a motion to strike"). Thus, in *Molbogot v. MarineMax E., Inc.*, the court denied the plaintiff's motion to strike certain affirmative defenses as irrelevant, noting that the cases the plaintiff relied upon—which considered a motion for summary judgment and a motion to dismiss—"were in a very different procedural posture and did not involve motions to strike affirmative defenses." No. 20-CV-81254, 2020 WL 6679188, at *3 (S.D. Fla. Nov. 12, 2020). The court noted: "At this early stage, the Court will allow this issue to be more fully developed." *Id.*

The same result is warranted here. *Havana Docks*, along with the Eleventh Circuit cases cited by Plaintiff, were in different procedural postures than the present case. Therefore, the rulings in those cases—even if they go against Expedia Group's position here—should not prohibit Expedia Group from raising (and preserving) its affirmative defenses, because disputed issues of law should not be decided on a motion to strike. Rather, this Court should allow these issues "to be more fully developed."

Moreover, this case is unique, in that the Helms-Burton jurisprudence is young and undeveloped. Although the Helms-Burton Act was enacted in 1996, it was suspended until May of 2019. As result, the case law is still in its infancy, and the Supreme Court has yet to weigh in on any facet of the Helms-Burton Act. As such, the issues raised by Expedia Group's defenses—*i.e.*, the excessiveness of the damages at issue and the tension between the Helms-Burton Act and policy

decisions and actions taken by the Executive Branch and the Cuban government—are "disputed and substantial questions of law" that should not be decided on a motion to strike. *See, e.g.*, *PNC Bank*, 2017 WL 7311870, at *2. Further, Expedia Group should not be deprived of the opportunity to argue that Judge Bloom decided these issues incorrectly, especially in light of the fact that her rulings are not binding on this Court and are currently on appeal in the Eleventh Circuit. *See, e.g.*, *Boyce v. Harper*, No. 22-CV-61845-RAR, 2023 WL 399705, at *3 (S.D. Fla. Jan. 24, 2023) ("[T]he rulings of other district courts, even rulings from other courts in the Southern District of Florida, are merely persuasive and not binding."); *United States v. Lloyd*, No. 10-81127-CIV, 2011 WL 13227871, at *2 (S.D. Fla. Oct. 24, 2011) ("[T]his Court notes that *Camejo* is not binding authority because it came from a sister court within the Southern District of Florida; at best, it is persuasive.").

In sum, this case and the Helms-Burton jurisprudence are in their early stages. Expedia Group's defenses raise substantial and disputed legal issues, and it is therefore not proper to dispose of them on a motion to strike. As such, Expedia Group respectfully requests that the Court deny Plaintiff's Motion to Strike so these issues may be more fully developed before a ruling.[3]

## CONCLUSION

For the reasons described above, Expedia Group respectfully requests that the Court deny Plaintiff's Motion to Strike.

---

[3] In *Trinidad*, *Echevarria I*, and *Echevarria II*, Judge Moreno denied the plaintiffs' motions to strike the defendants' fourth, seventh, eighth, tenth, and eleventh defenses, rejecting the plaintiffs' arguments that they failed as a matter of law. (*See* Ord. 2, *Echevarria I*, ECF No. 175; Ord. 2, *Echevarria II*, ECF No. 151; Ord. 2, *Trinidad*, ECF No. 197.) The same result is warranted here.

4879-2648-0575

Dated: May 22, 2024

 Respectfully submitted,

 SCOTT DOUGLASS & MCCONNICO LLP
 303 Colorado Street, Suite 2400
 Austin, Texas 78701
 (512) 495-6300 Telephone
 (512) 495-6399 Facsimile

 By: _/s/ David D. Shank_
  David D. Shank (*pro hac vice*)
  Texas Bar No. 24075056
  dshank@scottdoug.com
  Cheryl Joseph (*pro hac vice*)
  Texas Bar No. 24104015
  cjoseph@scottdoug.com
  Jane Webre (*pro hac vice*)
  Texas Bar No. 21050060
  jwebre@scottdoug.com
  Santosh Aravind (*pro hac vice*)
  Texas Bar No. 24095052
  saravind@scottdoug.com
  Mary Byars (*pro hac vice*)
  Texas Bar. No. 24097443
  mbyars@scottdoug.com
  Rebecca Jahnke (*pro hac vice*)
  Texas Bar No. 24129982
  bjahnke@scottdoug.com

 AKERMAN LLP
 Three Brickell City Centre
 98 Southeast Seventh Street, Suite 1100
 Miami, FL 33131
 (305) 374-5600 Telephone
 (305) 349-4656 Facsimile

 By: _s/ Lorayne Perez_
  Lorayne Perez
  Florida Bar No. 085265
  lorayne.perez@akerman.com

 *Attorneys for Defendant Expedia Group, Inc*

8

4879-2648-0575