UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24044-CV-Middlebrooks

EDUARDO SOTO, as Personal Representative
of the Estate of Osvaldo Soto,

    Plaintiff,

v.

EXPEDIA GROUP, INC.,
BOOKING.COM B.V.,
and BOOKING HOLDINGS INC.,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Defendant Expedia Group, Inc.'s Motion for Reconsideration of Order Denying Motion to Dismiss, filed on April 17, 2024. (DE 141). The Motion is fully briefed. (DE 145; DE 149). In the alternative, the Motion seeks that the Court amend the Order Denying Motion to Dismiss to certify the personal jurisdiction ruling for interlocutory appeal. For the reasons set forth below, Defendant's motion is denied.

A Rule 60(b) motion for reconsideration should only be filed when there is: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact. *See Board of Trustees of Bay Medical Center v. Humana Military Healthcare Services, Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citations omitted). To prevail on a motion to reconsider, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues

litigated previously." *Miccosukee Tribe of Indians v. United States*, 680 F. Supp. 2d 1308, 1312 (S.D. Fla. 2010) (citations omitted).

Defendant argues that it was an error of law to conclude that Expedia Group is subject to personal jurisdiction in Florida. (DE 141). Defendant argued in its Motion to Dismiss that there was no personal jurisdiction over it because it did not actually have the Florida contacts that Plaintiff had alleged. In support of this argument, Expedia Group attached an affidavit by its Senior Vice President to its Motion to Dismiss to that effect. (DE 124-1). As Plaintiff argued in his response to Defendant's Motion to Dismiss, and as they reiterate in the instant Motion, personal jurisdiction is appropriate when the parent corporation exercises operational control over resident subsidiaries. (DE 145). Plaintiff attached to his Reply Brief its own affidavit stating that several of Defendant's discovery responses showed sufficient control between the entities. I found, that "the question of personal jurisdiction ultimately appears to be whether Expedia Group, Inc. is the correctly identified entity" and "whether there was sufficient control between the subsidiaries and affiliates to establish jurisdiction." At the Motion to Dismiss stage, finding that the Parties were relying on conflicting sworn affidavits, I construed the facts in favor of Plaintiff and denied the Motion to Dismiss. (DE 138). Defendant now argues that was an error of law and cites noncontrolling case law for the proposition that language in SEC statements and company websites are not evidence for the purposes of personal jurisdiction. (DE 141). Defendant also cites to *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 (11th Cir. 2022), cert. denied, 143 S. Ct. 736, 214 L. Ed. 2d 384 (2023) where the Eleventh Circuit affirmed a district court for finding that Defendant's subsidiaries were independent and that the evidence supported that finding. However, the Court in *Herederos De Roberto Gomez Cabrera*, was not

weighing competing affidavits nor did it suggest that a single affidavit by the defendant decrying subsidiary control was sufficient to grant a Motion to Dismiss.

Here my ruling was ultimately that because both Defendant and Plaintiff had submitted competing affidavits, that at the Motion to Dismiss stage, I would construe inferences in favor of Plaintiff. (DE 138). I wrote that "as facts develop and additional clarifying information comes to light, Defendant may, if deemed necessary, raise the issue of personal jurisdiction again at a later stage of this case." (*Id.*). Defendant does not point to any binding Eleventh Circuit precedent to support its argument that such an inference at the Motion to Dismiss stage, given competing affidavits, was a clear error of law. Accordingly, I decline to grant Defendant's Motion for Reconsideration.

Defendant requests that in the alternative, I amend my Order to certify the personal jurisdiction ruling for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), a district court can certify for interlocutory appeal any issue that involves: (1) "a controlling question of law;" (2) "as to which there is a substantial ground for difference of opinion;" and (3) the resolution of which "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant argues that the resolution of this question may materially advance the ultimate termination of the litigation because a resolution would serve to avoid a trial or otherwise substantially shorten the litigation. (DE 141 at 8). However, the Eleventh Circuit has characterized a Section 1929(b) interlocutory appeal as a "rare exception" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Generally, appeals of motions to dismiss are even more rare because the existence of personal jurisdiction can be more readily resolved on the facts.[1] Defendant

---

[1] *See Mediaset Espana Communication, S.A. v. Romay,* No. BR 22-21229-CIV, 2022 WL 1643835, at *2 (S.D. Fla. May 24, 2022); *In re U.S. Oil and Gas Litig.*, No. 83-1702, 1988 WL 28544, at *30 (S.D. Fla. Feb. 8, 1988)

3

argues that "the pure question of law… is whether those uncontradicted and undisputed facts are sufficient to support personal jurisdiction over Expedia Group in Florida." Despite Defendant's attempt to cabin the personal jurisdiction question as a pure legal issue, the question even as Defendant phrases it requires the weight of contradicting facts to be compared. A factual inquiry remains about the control between entities. The Eleventh Circuit has acknowledged that "[t]here is no litmus test for determining whether a subsidiary is the alter ego of its parent. Instead, we must look to the totality of the circumstances. Resolution of the *alter ego* issue is heavily fact-specific and, as such, is peculiarly within the province of the trial court." *Herederos De Roberto Gomez Cabrera, LLC,* 43 F.4th at 1312 (quoting *United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co.,* 855 F.2d 1499, 1506 (11th Cir. 1988)). For the same reasons earlier in this order, and because this issue is potentially amenable to resolution at later stages upon further factual inquiry, I decline to certify an interlocutory appeal. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (DE 141) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida on this 10 day of June, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record